United States District Court     Southern District of Texas

United States District Court
Southern District of Texas

**ENTERED**
March 11, 2021
Nathan Ochsner, Clerk

Cameron International Corporation, §
§
Plaintiff, §
§
versus §    Civil Action H-18-2533
§
Nitro Fluids, LLC, §
§
Defendant. §

# Opinion on Claim Construction

1.    *Background.*

Cameron International Corporation sued Nitro Fluids, LLC, saying that Nitro Fluids' fracturing equipment infringed Cameron's patent — U.S. Patent No. 10,094,195 (issued Oct. 9, 2018). That patent covers a system that allows one fluid conduit to serve multiple fracturing trees. Cameron and Nitro Fluids disagree about the meaning of the term "goat head."

2.    *Goat Head.*

The parties dispute "goat head." Cameron says that it means a "flow cross installed on top of a frac tree where treating iron is connected and treatment fluid enters the frac tree" and is not limited by adjustability. Nitro Fluids says that it means "a pipping connector (i.e., a joint) having an inlet and an outlet for fluid flow, and capable of adjustment by changing at least one dimension or rotating about its axis" and is limited by adjustability.

The specifications describe the functionality of the heads. "The adjustment joints are provided in the form of adjustable fracturing heads 60, 62, and 64 (also commonly referred to as 'goat heads'), though other forms of

adjustment joints are also envisaged and may be used."[1] The inventor disclosures also highlight the adjustability of the system as a whole and the goat head in this patent. The ordinary meaning in the industry and by the Patent Office for goat head does not account for adjustability, but the way that goat head is used in the patent runs contrary to that meaning. This distinction drives the understanding of goat head in the '195 patent.

3. *Waco Lawsuit.*

The court would be remise not to mention that Cameron has also sued Nitro Fluids in the Western District. The lawsuit covers patents that are a part of the same greater system in dispute in this case and are within the same patent family. The court sees the true reason behind this second lawsuit. Using the ability to join a party – one that has multiple places of business in the Southern District and could have easily been joined in this case – as an excuse to abuse the system is not one this court will tolerate. The court's patience has run thin with Cameron's abuse of the court with its guerrilla extortion by hyper-pleading.

4. *Conclusion.*

The construction will be that "goat head" means "a pipping connector (i.e., a joint) having an inlet and an outlet for fluid flow, and capable of adjustment by changing at least one dimension or rotating about its axis."

Signed on March 10, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] '195 Patent, col. 4, ll. 48-52.