IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>HOUSTON DIVISION</u>

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-02533 |
| NITRO FLUIDS L.L.C. | § § § | |
| *Defendant.* | § § § | JURY TRIAL REQUESTED |

<u>**DEFENDANT NITRO FLUIDS' BENCH BRIEF ON
PRIORITY DATE AND WRITTEN DESCRIPTION**</u>

Cameron's two asserted patents issued from a series of patent applications, all having different filing dates. Nitro contends that the patents are invalid as anticipated or obvious in view of certain prior art. Nitro also contends that the patents are invalid because they fail the written description requirement of 35 U.S.C. § 112. Cameron seeks to use one filing date—the earliest—to determine what is and what is not prior art, and a later filing date to supply the specification to assess written description. This would be clear error—the same filing date must be used for both determinations.

The two patents asserted here stem from a series of applications, tabulated below.

| <u>No.</u> | <u>Filing Date</u> | <u>Type</u> | <u>Serial No.</u> | <u>Patent No.</u> |
|---|---|---|---|---|
| 1 | September 23, 2011 | Original | 13/243,252 | Not asserted |
| 2 | January 31, 2013 | Provisional | 61/759,127 | None |
| 3 | March 1, 2013 | CIP | 13/783,009 | Not asserted |
| 4 | June 27, 2015 | Continuation | 14/752,864 | Not asserted |
| 5 | December 12, 2016 | Continuation | 15/375,558 | Not asserted |
| 6 | February 1, 2017 | Continuation | 15/422,284 | 9,932,800 |
| 7 | October 8, 2018 | Continuation | 16/154,461 | None |
| 8 | November 30, 2018 | Continuation | 16/206,160 | 10,385,645 |

To exclude prior art, Cameron wishes to rely on the earliest filing date possible, September 23, 2011. Any invalidating prior art under 35 U.S.C. § 102(b) (pre-AIA) must therefore qualify as prior art no later than one year before this filing date. Prior art under 35 U.S.C. § 102(a) must qualify as such before the date of the invention (here, at least by September 1, 2011).

If Cameron maintains that the asserted claims are entitled to a September 2011 priority date, then the application as-filed on September 23, 2011 necessarily must be used to supply the written description supporting the claims. This is because, under the written description analysis, any new claim added after the original filing date—even in a continuation—must find support in the original, as-filed specification to which it claims priority. *See TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118 (Fed. Cir. 2001) ("The written description requirement . . . serv[es] to ensure that the patent applicant was in full possession of the claimed subject matter on the application filing date. When the applicant adds a claim or otherwise amends his specification after the original filing date . . . **the new claims or other added material must find support in the original specification**."); *see also Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991) (explaining that "the applicant must also convey with reasonable clarity to those skilled in the art that, **as of the filing date sought**, he or she was in possession of the invention. The invention is, for purposes of the 'written description' inquiry, *whatever is now claimed*.") (bold added, italics in original).

But Cameron alternatively relies on an alleged March 2012 conception date of the Asserted Claims, and a subsequent filing date of a provisional application (to which the asserted patents claim priority through a continuation-in-part) on January 31, 2013. ECF 347-6 at 15 n.12, 24. Assuming that the Asserted Claims have priority to the March 2012 invention date instead of

September 2011, then Cameron necessarily must rely on the January 2013 provisional application (or, at the latest, the March 1, 2013 CIP application) to support its written description case.

What Cameron cannot do—but what it apparently seeks to do—is rely on one priority date for prior art invalidity, and a different priority date for written description invalidity. The asserted claims will have one priority date (also called the "effective filing date") or the other, and that priority date governs application of prior art under § 102 and § 103 *and* analysis of written description under § 112. See *Amgen Inc. v. Sandoz Inc.*, 66 F.4th 952, 958 (Fed. Cir. 2023) (same priority date determined from written description analysis used for 35 U.S.C. § 103 obviousness invalidity analysis); *Applied Materials, Inc. V Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, (Fed. Cir. 1996) (J. Archer concurring) (same priority date determined from written description analysis used for 35 U.S.C. § 102(b) on-sale bar invalidity analysis); *Augustine Med. Inc., Gaymar Indus., Inc.*, 181 F.3d 1291, 1302-03 (Fed. Cir. 1999) (same priority date determined from written description analysis used for 35 U.S.C. § 102(b) invalidity analysis); *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1324 n.5 (Fed. Cir. 2008) (discussing "priority" as the effective filing date and using written description analysis to determine effective filing date to use for determining 35 U.S.C. § 102(b) prior art).

The September 23, 2011 specification is not the same specification that appears in the printed patents. The provisional application (and subsequent CIP application) noted in the table above added new matter that was not in the original application. See, *Transco Products Inc., v. Performance Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994) (discussing continuation and continuation-in-part (CIP) applications). The new matter is included in the specifications of both printed patents. Critically, Cameron relied on this new matter to support its written description case for the '800 Patent, establishing that Cameron was NOT relying on the original application

for priority. *See* ECF 169 at 14-15 (citing specification Fig. 10 and 8:29-32, 8:43-57, which is new matter); ECF 173-1 (showing new matter in CIP, which is identical to the provisional) . When relying on the earliest effective filing date of September 2011, the new matter cannot be considered because it was not in the application as of that date. *See Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1252-56 (Fed. Cir. 2004) (13-day jury trial dedicated to determining which CIP in a series of CIPs satisfied the 35 U.S.C. § 112 written description requirement to use that filing date to establish prior art under 35 U.S.C. § 102(b)).

Cameron argues that "the Asserted Claims need only find written description support in the specification of the Asserted Claims (rather than also in the September 2011 application) to survive Nitro's written description defense," and therefore proposes the jury need only look at the specification of the Asserted Patents. ECF 347-6 at 15. This dodges the issue. The problem is the **same** priority date must be used for all of Nitro's invalidity defenses. If the jury is only given the specification of the Asserted Patents to determine whether there is written description support, then Cameron **cannot** assert the claims have priority back to September 2011.

If Cameron requires the jury to find that Nitro's prior art must qualify using the September 2011 priority date, then the jury must be instructed that it can only rely on the original September 2011 application to find written description support under § 112. Cameron cannot have it both ways.

March 18, 2024

                    Respectfully submitted,

                    */s/ James H. Hall*
                    **J. David Cabello**
                    *Attorney-In-Charge*
                    Texas Bar No. 03574500
                    S.D. Texas I.D. No. 3514
                    Email: David@CHZFirm.com
                    **James H. Hall**
                    Texas Bar No. 24041040
                    S.D. Texas I.D. No. 36,904
                    Email: James@CHZFirm.com
                    **Stephen Zinda**
                    Texas Bar No. 24084147
                    S.D. Texas I.D. No. 1,692,382
                    Email: Stephen@CHZFirm.com
                    **Munira A. Jesani**
                    Texas Bar No. 24101967
                    S.D. Texas I.D. No. 3,019,538
                    Email: MJesani@CHZFirm.com
                    **CABELLO HALL ZINDA, PLLC**
                    801 Travis Street, Suite 1610
                    Houston, TX 77002
                    Tel.: 832.631.9990
                    Fax: 832.631.9991

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and correct copy of the above document has been served on March 18, 2024 via personal service to Cameron's counsel of record, and will be filed using the Court's CM/ECF system on that same date for service on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per the Local Rules.

                    */s/ James H. Hall*
                    James H. Hall