Case 4:18-cv-02533   Document 452   Filed on 10/02/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
October 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CAMERON INTERNATIONAL CORPORATION,** § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 4:18-cv-02533 |
| **NITRO FLUIDS L.L.C.,** § § § | |
| Defendant. § | |

## MEMORANDUM & ORDER

This patent infringement case has been pending for seven years. During that time, the case has been moved from the Western to the Southern District of Texas, has been transferred from one district judge to another within the Southern District, and has been highly contentious. More factual and procedural background can be readily found in the record and will not be repeated here. Before the Court is Plaintiff's Motion for Leave to Amend Its Complaint and Motion to Join Individuals Koricanek and Simpson as Defendants (ECF 440).

In March 2024, a jury awarded Plaintiff Cameron International Corporation ("Cameron") $8.9 million in damages against Defendant Nitro Fluids LLC ("Nitro"). Cameron filed the instant post-trial motion for joinder of the two individuals who own Nitro, seeking individual liability for infringement and for attorneys' fees.

Nine days after the post-trial motions were filed, Nitro voluntarily filed bankruptcy. The filing of the bankruptcy served to stay all proceedings against Nitro automatically. Although the automatic stay has subsequently been lifted for Cameron, it appears that unsecured creditors such

as Cameron will receive nothing or almost nothing from the bankruptcy estate. As a result of the likelihood of a zero recovery from the Nitro bankruptcy, Cameron is seeking recovery against the two owners of Nitro, Bobby Lee Koricanek and Jackie Ray Simpson. After considering the Motion, all responses and replies, parties' oral arguments, and the applicable law, the Court concludes that Motion should be **DENIED**.

I.  Joinder of Bobby Lee Koricanek and Jackie Ray Simpson Under 35 U.S.C. § 271

The Federal Rules of Civil Procedure of course contemplate amendments to proceedings, even very late in the narrative of a case. Rule 15(a) provides that, except for amendments as a matter of course early in a case, "a party may amend its pleading only with the other party's written consent or the Court's leave. The Court should freely give leave when justice so requires."

As to whether leave should be granted here, the pendency of Nitro's bankruptcy complicates the analysis. The Bankruptcy Code endows the Chapter 11 trustee or debtor in possession with the right to bring claims for relief against entities who have caused the kind of alleged harm to the debtor that Cameron wishes to assert. 11 U.S.C. § 544. There are circumstances when the bankruptcy estate and a third party such as Cameron might both proceed against the same defendant on the same claim for relief. There is no justification for redundancy in this instance.

In this case, however, there is one exception to this holding. Cameron wishes to assert patent infringement claims again Koricanek and Simpson under 35 U.S.C. § 271 for both direct infringement and inducing infringement. These are potential claims that are particular to Cameron and would not be redundant of claims brought by the bankruptcy estate. If Cameron were to obtain a judgment against Koricanek and Simpson pursuant to 35 U.S.C. § 271, Cameron could pursue

its potential recovery against Koricanek and Simpson directly without going through the bankruptcy estate.

In considering whether leave to amend should be granted under Rule 15(a), the Court considers factors such as "whether there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)). In this case, while there is no bad faith on Cameron's part, the remaining factors are dispositive.

First, the parties disagree about the operative deadline for amending pleadings. Cameron asserts the deadline was November 2020, the deadline set before the case was transferred from the Western District of Texas (ECF 440 at 14), while Nitro asserts the deadline was November 30, 2023 (ECF 446 at 13). By the time the case was transferred to the Southern District in March of 2021, the Western District's deadline to join parties had long since passed. The July 2023 joint proposed scheduling order drafted by Cameron did not include a new deadline for joining parties. ECF 267. This omission demonstrates that the joinder deadline was, seemingly without dispute, far in the past. Therefore, Cameron's first motion for joinder of Koricanek pre-trial in its January 2023 sanctions motion was untimely. ECF 237 at 19.

In explanation for the delay, Cameron argues that it only discovered the basis for joining Koricanek in mid-2022. ECF 440 at 14. However, Cameron seeks a judgment that holds Koricanek individually liable for direct infringement and inducing infringement. The facts which could give rise to such liability existed before litigation began, and Cameron argues many such facts in the

instant motion. *See* ECF 440 at 20 ¶ 2. If a factual basis for individual liability exists, then it existed well in advance of January 2023. Cameron had the information needed to make a decision about joining Koricanek earlier than January 2023. Cameron has not provided a sufficient explanation for the delay in seeking this amendment.

Cameron did not seek joinder of Simpson until its post-trial brief, filed in May of 2024 (ECF 409 at 22). Cameron provides no explanation for the delay in seeking joinder of Simpson. The bases for joinder Cameron discovered after the November 2020 deadline concern Koricanek's conduct, not Simpson's. ECF 440 at 14. Therefore, with respect to Simpson, there has been significant undue delay.

Second, should joinder be permitted at this late stage, severe prejudice to Nitro, Koricanek, and Simpson is certain. This case is now more than seven years old. Trial has already concluded. Joinder of Koricanek and Simpson would result in two individuals becoming immediately liable, in their personal capacity, for a multi-million-dollar judgment resulting from a trial in which they did not participate as parties. While Cameron did first seek joinder of Koricanek pre-trial in its January 2023 sanctions motion, the fact remains that Koricanek and Simpson did not have the opportunity to plead their case to the jury. Moreover, the basis for individual liability for Koricanek and Simpson is legally distinct from the basis for Nitro's liability. As discussed below, Cameron claims that Koricanek and Simpson should be held individually liable either for inducing infringement or for their own direct infringement, rather than for Nitro's infringement. Yet, as non-parties, Koricanek and Simpson did not present evidence and argument to the jury on individual-liability issues. Therefore, it would not serve the interests of justice under Rule 15(a) for the Court to simultaneously join two individuals as parties and subject them to judgment. "Rule

15 and the due process for which it provides . . . demand a more reliable and orderly course." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 (2000).

Finally, amendment would be futile. For the following reasons, Cameron's arguments for individual liability fail.

### A. Direct Infringement Under 35 U.S.C. § 271(a)

First, Koricanek and Simpson cannot be held individually liable for Nitro's direct infringement under § 271(a). "[T]he corporate veil shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' alter ego." *Wordtech Sys. v. Integrated Networks*, 609 F.3d 1308, 1313 (Fed. Cir. 2010). Cameron relies on *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360 (Fed. Cir. 2004). However, the court in *Insituform* permitted post-trial joinder without a finding of alter ego only for a claim under § 271(b) for inducing infringement. 385 F.3d at 1375. Therefore, liability for direct infringement would require this Court to pierce the corporate veil.

The Fifth Circuit has long held that "the alter ego doctrine and piercing of the corporate veil are truly exceptional doctrines, reserved for those cases where the officers, directors or stockholders utilized the corporate entity as a sham to perpetuate a fraud, to shun personal liability, or to encompass other truly unique situations." *Matter of Multiponics, Inc.*, 622 F.2d 709, 724-25 (5th Cir. 1980). Courts may pierce the corporate veil "when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986), *abrogated on other grounds by* Tex. Bus. Orgs. Code § 21.223. The factors to consider include:

> [T]he total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes.

*Id.* Additionally, "[t]he great weight of Texas precedent indicates that, for the alter ego doctrine to apply against an individual under this test, the individual must own stock in the corporation." *Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 325 (5th Cir. 2006).

The factual record does not support an alter ego finding. Cameron relies heavily in its motion on Koricanek's statement that he would bankrupt Nitro if Cameron won its case. ECF 440 at 21. However, this statement does not indicate unity between the individual(s) and the corporation. Koricanek and Simpson served as Nitro's president and vice-president. While they exercised a high degree of control over the corporation, that control was not inconsistent with their roles as corporate officers. The salaries and rent payments received by Koricanek and Simpson from Nitro do not indicate a comingling of personal and corporate assets, but rather the regular course of employment between a corporation and its directors. Additionally, Koricanek's lack of personal ownership interest in Nitro seems to preclude a finding of alter ego under Texas law. *Bollore S.A.*, 448 F.3d at 325. Finally, there remains some dispute about Nitro's financial dealings with Straitline, a non-party corporation owned by Koricanek, Simpson, and a third party. *See* ECF 440 at 5-7; ECF 446 at 6-9; and ECF 449 at 8-9. Such disputed facts are insufficient to support a post-trial alter ego finding. Taken together, Cameron fails to produce facts that meet the extremely high bar for piercing the corporate veil.

### B. Inducing Infringement Under 35 U.S.C. § 271(b)

*Insituform* and *Fromson* permit post-judgment joinder of parties for inducing infringement under 35 U.S.C. § 271(b) where joinder was sought pre-trial. *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1375 (Fed. Cir. 2004); *Fromson v. Citiplate, Inc.*, 886 F.2d 1300, 1304 (Fed. Cir. 1989). The Supreme Court has disallowed post-judgment joinder where joinder was first sought after trial. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 468 (2000).

This case is distinguishable from *Insituform* and *Fromson*. In *Insituform*, plaintiffs had sought "from the very beginning to add [the individual] as a defendant in his individual capacity on the theory that he was liable as an individual tortfeasor." *Insituform*, 385 F.3d at 1375. Here, however, joinder was first sought in January 2023, nearly five years after the case was filed. The instant motion was filed more than seven years after the case began. In that respect, this case resembles *Nelson* more closely than *Insituform*.

*Fromson* is a closer analogue to this case, since it involved a motion for joinder filed several months pre-trial based on concerns that the defendant corporation had financial difficulties. However, this case is again different in a key way. In *Fromson*, the court denied joinder in reliance on the corporate defendant's "representation that it was in sound financial condition." *Fromson*, 886 F.2d at 1301. The individuals who were not joined were responsible for "creat[ing] the 'mistake' respecting the identity of the proper party rightfully to be sued and capable of responding in damages." *Id.* at 1304. In this case, the Court had all the relevant information. It did not rely on some false representation made by Koricanek or Simpson. Therefore, the same fairness concerns emphasized by the *Fromson* court are not implicated here.

Finally, the factual record does not support a finding that Simpson induced Nitro to infringe on Cameron's patents. Cameron's proposed amended complaint makes no factual allegations against Simpson regarding induced infringement. ECF 440-1. Its motion asserts only that Simpson approved of Koricanek's actions. ECF 440 at 25. Therefore, amendment to join Simpson for liability for inducing infringement is futile.

With respect to Koricanek, this is a close case. The factual record demonstrates that Koricanek was responsible for a great deal of the infringing behavior. ECF 440 at 5. However, there remains a factual question as to whether Koricanek possessed the specific intent to induce infringement. The testimony taken at trial is not directly on point. Herein lies the problem—had Cameron sued Koricanek from the beginning, the factual inquiry at trial could have included questions regarding individual liability that were not strictly relevant to Nitro's liability. Ultimately, Rule 15(a) leaves a great deal of discretion to the court. Given the significant due process concerns at stake, this Court denies leave to amend to join Koricanek and Simpson under 35 U.S.C. § 271.

II. <u>Liability for Damages Based on Koricanek and Simpson's Alleged Misconduct in Evading Judgment</u>

Cameron argues that the Court should hold Koricanek and Simpson liable for the judgment "based on their actions in improperly using Nitro and Straitline to evade liability for infringing Cameron's patents and to avoid paying a judgment." ECF 440 at 22. However, this would require a finding of alter ego. *Castleberry*, 721 S.W.2d at 271; *Matthews Const. Co. v. Rosen*, 796 S.W.2d 692, 692-93 (Tex. 1990). For the reasons described above, the factual record does not support

piercing the corporate veil. This argument, then, fails for the same reason Cameron's other alter ego arguments fail.

    III.    <u>Joinder Under the Court's Inherent Authority</u>

A district court should exercise "restraint in resorting to inherent power . . . and require its use to be a reasonable response to the problems and needs that provoke it." *Degen v. United States*, 517 U.S. 820, 823-24 (1996). Cameron argues that the Court should use its inherent power to manage litigation to join Koricanek and Simpson. While improper litigation conduct is surely of concern, joinder at this late stage to a judgment so large would deny Koricanek and Simpson due process. Therefore, this Court declines to use its inherent power to grant joinder.

    IV.    <u>Individual Liability for Attorney's Fees</u>

Finally, Cameron requests that the Court join Koricanek and hold him liable for attorneys' fees under 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." This Court previously denied Cameron's request for attorneys' fees under § 285. ECF 438. Holding a third party liable for attorneys' fees is an unusual remedy that would require even more exceptional circumstances. The Court has already determined that this is not an exceptional case warranting attorneys' fees, so Cameron's motion is again denied.

For these reasons, Cameron's Motion for Leave to Amend Its Complaint and Motion to Join Individuals Koricanek and Simpson as Defendants is **DENIED**.

Signed at Houston, Texas on October 2, 2025.

_____
Keith P. Ellison
United States District Judge